IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

LOOMIS JONES,                          )
                                       )
          Plaintiff,                   )
                                       )
v.                                     )        CASE NO. 2:12-CV-598-TMH
                                       )                [WO]
                                       )
DR. MILLARD McWHORTER, *et al.*,       )
                                       )
          Defendant.                   )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Loomis Jones ["Jones"], an inmate confined at the Covington County Jail, on July 9, 2012. In this complaint, Jones challenges the medical treatment provided to him for pain he believes is associated with a lack of diabetic shoes.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials in which they addressed the claims for relief presented by Jones. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Jones in the complaint. Specifically, these documents demonstrate that medical personnel provided treatment to the plaintiff for his conditions and establish that the defendants did not act with deliberate indifference to Jones's medical needs. The undisputed evidentiary materials likewise show that the plaintiff failed to exhaust an administrative remedy previously available to him at the Covington County Jail.

In light of the foregoing, the court issued an order directing Jones to file a response to the defendant's written report.  Order of September 24, 2012 (Doc. No. 14).  The order advised Jones that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id.* at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id.*  The time allotted Jones for filing a response in compliance with the directives of this order expired on October 15, 2012.  As of the present date, Jones has failed to file a requisite response in opposition to the defendants' written report.  The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case is the proper course of action.  Jones is an indigent inmate.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, Jones's actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendants indicates that no violation of the Constitution occurred.  Finally, Jones has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case.  It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing.  Consequently, the court concludes that the plaintiff's abandonment of his claims, his failure to comply with the orders

2

of this court and the lack of merit to his claims warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice.  It is further

ORDERED that on or before **November 6, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 23rd day of October, 2012.


/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE